COPPOCK v. BALTIMORE & O. R. CO.

(Circuit Court, E. D. Pennsylvania. November 24, 1909.)

No. 554.

1. RAILROADS (§ 350*)—ACTION FOR INJURY AT CROSSING—QUESTIONS FOR JURY
   —NEGLIGENCE.
   In an action to recover for the death of a person killed by a train at a railroad crossing, where it was shown that the train was running at a high speed, which affected the question whether the crossing signals were given in due time before the crossing was reached, defendant's negligence was a question for the jury.
   [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1161; Dec. Dig. § 350.*]

2. RAILROADS (§ 350*)—ACTION FOR INJURY AT CROSSING—QUESTIONS FOR JURY
   —CONTRIBUTORY NEGLIGENCE.
   The question of the contributory negligence of a traveler on a highway killed at a railroad crossing *held* one for the jury, under the evidence and the state law that he must be presumed to have done his duty and stopped, looked, and listened.
   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1169–1176; Dec. Dig. § 350.*]

At Law. Action by Emma V. Coppock against the Baltimore & Ohio Railroad Company. On motions by defendant for a new trial and for judgment notwithstanding the verdict. Motions denied.

A. D. MacDade, for plaintiff.
Kingsley Montgomery and Wm. B. Linn, for defendant.

J. B. McPHERSON, District Judge. I have no doubt that sufficient evidence was offered in this case to establish the negligence of the defendant. The train that killed the decedent was running very rapidly and this fact had an important bearing upon the question whether the whistle was sounded at a proper distance from the road crossing, so as to give an approaching vehicle timely notice that a train was coming. The testimony upon this point was not in harmony, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

its total effect was for the jury. So, also, the testimony concerning the ringing of the electric bell at the crossing was in conflict, and could not be passed upon by the court.

The difficult question is whether the decedent is chargeable with contributory negligence, and upon this point it is not too much to say that, if the plaintiff's case had not been helped out by the presumption that her husband performed his duty, and stopped, looked, and listened before he attempted to cross the track, the weight of the evidence would have been so much against her that the verdict could only be regarded as perverse. But since such a presumption undoubtedly exists under the Pennsylvania law, and I am therefore bound to take it into account, I find myself unable to assent to 'the proposition, either that the case should have been withdrawn from the jury, or that the defendant is now entitled to judgment notwithstanding the verdict.

The defendant's motion for judgment on the reserved point is refused, and to this refusal an exception is sealed. The motion for a new trial is also overruled, and it is ordered that judgment for the plaintiff be entered upon the verdict.